FILED'08 AUG 06 10:33USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JULIO GALINDO-MARTINEZ,

      Defendant.

04-CR-464-BR
06-CR-163-BR

OPINION AND ORDER

**KAREN J. IMMERGUT**
United States Attorney
**GARY Y. SUSSMAN**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1017

      Attorneys for Plaintiff

**JULIO GALINDO-MARTINEZ**
#06786-081
FCI-Butner Med II
P.O. Box 1500
Butner, NC 27509

      Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Julio Galindo-Martinez's Motions (#114 in 04-CR-464-BR; #10 in 06-CR-163-BR) for Proof of Subject Matter Jurisdiction and Release from Federal Prison.

For the reasons that follow, the Court construes Defendant's Motions as Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and **DENIES** Defendant's Motions.


## BACKGROUND

On July 25, 2005, a federal grand jury indicted Defendant for one count of Illegal Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a) and (b)(2)(Case No. 04-CR-464-BR).

On March 20, 2006, the Court held a hearing at which Defendant entered a guilty plea on the charge of Illegal Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a) and (b)(2). At the hearing, the Court engaged in a colloquy with Defendant to ensure that he was knowingly and voluntarily pleading guilty as charged and to review with him the consequences of his plea generally. After finding Defendant's guilty plea was knowing, intelligent, and voluntary, the Court accepted the plea.

On April 14, 2006, the United States District Court for the District of Utah transferred to this Court Supervised Release Violation against Defendant (Case No. 06-CR-163-BR).

2 - OPINION AND ORDER

On August 14, 2006, the Court sentenced Defendant to a term
of 77 months imprisonment and three years supervised release
(Case No. 04-CR-464-BR).  On that same date, the Court revoked
Defendant's supervised release and sentenced Defendant to a term
of 12 months imprisonment (Case No. 06-CR-163-BR) to be served
consecutively to the sentence imposed in Case No. 04-CR-464-BR.

On March 28, 2008, Defendant moved to alter or to amend the
Judgments in both cases and requested the Court to dismiss the
Judgments.  The government filed a Response to Defendant's
Motions.  In reply, Defendant filed Motions for Proof of Subject
Matter Jurisdiction and Release from Federal Prison.

On June 24, 2008, the Court entered an Opinion and Order in
both cases in which it (1) denied Defendant's Motions to Alter or
to Amend Judgment; (2) advised Defendant that his Motions for
Proof of Subject Matter Jurisdiction appeared to be motions that
would properly be brought under 28 U.S.C. § 2255; (3) directed
Defendant to advise the Court in writing no later than July 21,
2008, whether he requested the Court to construe his Motions for
Proof of Subject Matter Jurisdiction and Release from Federal
Prison as Motions to vacate, set aside, or correct sentence
pursuant to 28 U.S.C. § 2255; and (4) advised Defendant that if
the Court construed his Motions for Proof of Subject Matter
Jurisdiction and Release from Federal Prison as motions to vacate
or to set aside the Judgments pursuant to § 2255, it would

foreclose Defendant's ability to bring second or successive

motions under § 2255 after the Court issued decisions as to his

Motions unless he first obtained authorization from the Ninth

Circuit.

Defendant did not respond to the Court's Order.


**DISCUSSION**

I.    **Section 2255**

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right
> to be released upon the ground that the sentence
> was imposed in violation of the Constitution or
> laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or
> that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to
> collateral attack, may move the court which
> imposed the sentence to vacate, set aside or
> correct the sentence.
>
>                          * * *
>
> If the court finds that the judgment was rendered
> without jurisdiction, or that the sentence imposed
> was not authorized by law or otherwise open to
> collateral attack, or that there has been such a
> denial or infringement of the constitutional
> rights of the prisoner as to render the judgment
> vulnerable to collateral attack, the court shall
> vacate and set the judgment aside and shall
> discharge the prisoner or resentence him or grant
> a new trial or correct the sentence as may appear
> appropriate.

Although "the remedy [under § 2255] is . . . comprehensive,

it does not encompass all claimed errors in conviction and

sentencing. . . . Unless the claim alleges a lack of

4 - OPINION AND ORDER

jurisdiction or constitutional error, the scope of collateral attack [under § 2255] has remained far more limited." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

In his Motions for Proof of Subject Matter Jurisdiction and Release from Federal Prison, Defendant appears to challenge the Court's jurisdiction as well as the lawfulness and constitutionality of his convictions and sentences. The Court, therefore, concludes Defendant's Motions would be more properly brought as motions under § 2255.

Accordingly, the Court construes Defendant's Motions for Proof of Subject Matter Jurisdiction as Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

## II. Analysis

Defendant contends this Court generally lacks subject-matter jurisdiction over this action. 18 U.S.C. § 3231 provides "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." As noted, Defendant was convicted of illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326(a). This is an offense against the laws of the United States. Accordingly, the Court concludes it has subject-matter jurisdiction pursuant to § 3231.

To the extent Defendant contends he is not subject to the

jurisdiction of this Court and the laws of the United States

because he is a "sovereign natural citizen,"

> [s]uch theories are generally advanced to
> challenge state and federal laws and state court
> judgments. They have been consistently rejected
> by the courts. *See United States v. Sloan*, 939
> F.2d 499 (7th Cir. 1991)(concluding that plain-
> tiff's argument that he was a citizen of the state
> of Indiana, but not a citizen of the United States
> and therefore not subject to its laws was "simply
> wrong"); *United States v. Jagim*, 978 F.2d 1032,
> 1036 (8th Cir. 1992)(concluding that defendant's
> argument that he was a citizen of the "Republic of
> Idaho" and not a U.S. citizen and therefore
> outside the jurisdiction of the United States was
> "completely without merit" and "patently
> frivolous"); *see also* Francis X. Sullivan, The
> "Usurping Octopus of Jurisdictional/Authority":
> The Legal Theories of the Sovereign Citizen
> Movement, 1999 Wis. L. Rev. 785.

*Heitman v. Idaho State Tax Comm'n*, No. CV07-210-E-BLW, 2007

WL 4224053, at *2 (D. Idaho Nov. 27, 2007). *See also United*

*States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991)(rejecting as

frivolous the defendant's contention that the district court

lacked personal jurisdiction because the defendant was a

"freeman"); *United States v. Gerads*, 999 F.2d 1255, 1256 (8th

Cir. 1993)(rejecting as frivolous the defendants' contention that

they were "not citizens of the United States, but rather 'Free

Citizens of the Republic of Minnesota.'").

Accordingly, this Court concludes Defendant's argument does

not provide a basis to vacate or to amend his convictions or

sentences.

## CONCLUSION

For these reasons, the Court construes Defendant's Motions (#114 in 04-CR-464-BR; #10 in 06-CR-163-BR) for Proof of Subject Matter Jurisdiction and Release from Federal Prison as Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and **DENIES** Defendant's Motions.

IT IS SO ORDERED.

DATED this 5th day of August, 2008.


_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER